## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ANGELA T. SNOWDEN,
      Appellant,

      v.

UNITED STATES POSTAL SERVICE,
      Agency.

DOCKET NUMBER
AT-0353-18-0695-I-1

DATE: May 14, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Angela T. Snowden, Silverhill, Alabama, pro se.

Eric B. Fryda, Esquire, Plano, Texas, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction her appeal of the agency's denial of her request for restoration following her partial recovery from a compensable injury. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2    In August 2018, the appellant, a Rural Carrier, filed a Board appeal alleging, among other things, that the agency failed to accommodate her shoulder injury with work inside the post office and that she was being forced to search for work outside of the agency.  Initial Appeal File (IAF), Tab 1.  In an August 23, 2018 acknowledgment order, the administrative judge informed the appellant that it appeared she was attempting to file a restoration appeal as a partially recovered employee and set forth the applicable law and burden of proof to establish Board jurisdiction over such an appeal.  IAF, Tab 3 at 2.  She ordered the appellant to file evidence and argument establishing jurisdiction within 15 days of the order and instructed the agency to submit an agency file containing, among other things, copies of all documents that were relevant and material to the appeal.  *Id.* at 2, 10-11.  The appellant did not respond to the administrative judge's order.  On September 11, 2018, the agency responded, arguing that it did not deny the appellant's request for restoration and providing evidence showing that it offered the appellant a limited-duty assignment on January 29, 2018, which she did not accept.  IAF, Tab 5 at 50-53.

¶3    In an initial decision dated September 18, 2018, the administrative judge found that, although the appellant suffered a compensable injury, the agency did not deny her request for restoration as a partially recovered employee because it offered her a full-time, limited-duty position that appeared to be within her medical restrictions.  IAF, Tab 6, Initial Decision (ID).  Accordingly, she dismissed the appeal for lack of jurisdiction without holding the appellant's requested hearing.  ID at 1, 4.

¶4    The appellant has timely filed a petition for review, and the agency has responded.  Petition for Review (PFR) File, Tabs 1, 3.[2]

---

[2] In addition to the evidence discussed below, the appellant has submitted with her petition for review copies of an October 11, 2017 work capacity evaluation and the January 29, 2018 limited-duty job offer, both of which are already contained in the record.  IAF, Tab 5 at 48-50, 57; PFR File, Tab 1 at 4-7.  Because these documents are

## ANALYSIS

¶5  The Federal Employees' Compensation Act and the implementing regulations of the Office of Personnel Management (OPM) at 5 C.F.R. part 353 provide, inter alia, that Federal employees who suffer compensable injuries enjoy certain rights to be restored to their previous or comparable positions. *Kingsley v. U.S. Postal Service*, 123 M.S.P.R. 365, ¶ 9 (2016); *see* 5 U.S.C. § 8151(b). Under OPM's regulations, such employees have different substantive rights based on whether they have fully recovered, partially recovered, or are physically disqualified from their former or equivalent positions. *Kingsley*, 123 M.S.P.R. 365, ¶ 9; 5 C.F.R. § 353.301. Partially recovered employees, like the appellant, are those who, "though not ready to resume the full range" of duties, have "recovered sufficiently to return to part-time or light duty or to another position with less demanding physical requirements." *Cronin v. U.S. Postal Service*, 2022 MSPB 13, ¶ 11; *Kingsley*, 123 M.S.P.R. 365, ¶ 9; 5 C.F.R. § 353.102.

¶6  To establish jurisdiction over a claim of denial of restoration as a partially recovered employee, an appellant is required to make nonfrivolous allegations of the following: (1) she was absent from her position due to a compensable injury; (2) she recovered sufficiently to return to duty on a part-time basis or to return to work in a position with less demanding physical requirements than those previously required of her; (3) the agency denied her request for restoration; and (4) the denial was arbitrary and capricious because of the agency's failure to

---

not new, they do not provide a basis for granting the petition for review. *See Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (stating that evidence that is already a part of the record is not new); 5 C.F.R. § 1201.115(d). The appellant has also submitted a July 27, 2018 letter from American Rehabilitation Consultant Services, Inc., pertaining to a search for new employment for the appellant since her employing agency was unable to offer her employment. PFR File, Tab 1 at 8. Because the appellant has not shown that this document is new and material, however, we will not consider it for the first time on review. *See Cleaton v. Department of Justice*, 122 M.S.P.R. 296, ¶ 7 (2015) (explaining that the Board generally will not consider evidence submitted for the first time on review absent a showing that it is new and material), *aff'd*, 839 F.3d 1126 (Fed. Cir. 2016); 5 C.F.R. § 1201.115(d) (same).

perform its obligation under 5 C.F.R. 353.301(d).[3] *Cronin*, 2022 MSPB 13, ¶ 12; *Hamilton v. U.S. Postal Service*, 123 M.S.P.R. 404, ¶ 12 (2016); 5 C.F.R. § 1201.57(a)(4), (b). Once an appellant establishes jurisdiction, she is entitled to a hearing at which she must prove the merits of her restoration appeal, i.e., all four of the above elements, by a preponderance of the evidence.[4] *Kingsley*, 123 M.S.P.R. 365, ¶¶ 11-12; 5 C.F.R. § 1201.57(c)(4).

¶7    The administrative judge found, and we agree, that the appellant satisfied the first and second jurisdictional elements because the record establishes that she suffered a compensable injury and that she recovered sufficiently to return to work in a position with less demanding physical requirements than those previously required of her. ID at 2; IAF, Tab 5 at 55-57. However, as to the third jurisdictional requirement, the administrative judge found that there was no denial of restoration because the agency submitted evidence showing that it offered the appellant a facially reasonable limited-duty assignment, which she did not accept. ID at 3. On review, the appellant argues that the limited-duty assignment offered by the agency was not within her medical restrictions and has submitted, for the first time on review, a March 21, 2018 letter from the Office of Workers' Compensation Programs (OWCP) to the agency stating that the January 29, 2018 job offer was not within her medical restrictions and was not an appropriate offer. PFR File, Tab 1 at 1, 9.

¶8    Generally, the Board will not consider evidence submitted for the first time with a petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). Here, although the appellant has not shown that the OWCP letter was unavailable below, we find that it is appropriate to

---

[3] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s).

[4] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

consider the letter for the first time on review for the following reasons. First, the issue of jurisdiction is always before the Board and may be raised at any time. *Stoglin v. Department of the Air Force*, 123 M.S.P.R. 163, ¶ 7 (2015), *aff'd*, 640 F. App'x 864 (Fed. Cir. 2016); *see Boechler v. Department of the Interior*, 109 M.S.P.R. 542, ¶ 10 (2008) (observing that the Board has an interest in ensuring that jurisdictional determinations are correct), *aff'd*, 328 F. App'x 660 (Fed. Cir. 2009). Second, although it was the appellant's burden to establish jurisdiction over her appeal, the OWCP letter reflects that the agency knew, or at least had evidence indicating, that its job offer was not within the appellant's medical restrictions and was thus not a valid offer of restoration, despite its assertions to the contrary.[5] *See Montalvo v. U.S. Postal Service*, 91 M.S.P.R. 671, ¶ 11 (2002) (finding it appropriate to consider evidence for the first time on review when, although it was the appellant's burden to submit evidence regarding the timeliness of his appeal, the agency failed to disclose evidence contradicting its position that the appeal was untimely filed). Third, the appellant was not afforded a reasonable opportunity to respond to the agency's evidence showing it had offered her a limited-duty assignment purportedly within her medical restrictions because the administrative judge issued the initial decision 7 days after the agency sent its response file to the appellant by regular U.S. mail.[6] IAF, Tab 5 at 58, ID at 1; *see Nevins v. U.S. Postal Service*, 107 M.S.P.R. 595, ¶ 17

---

[5] The OWCP letter is addressed to the agency and was presumably in its possession at the time it submitted its response file below. PFR File, Tab 1 at 9. However, the agency did not provide a copy of this letter and instead maintained that the January 29, 2018 job offer deprived the Board of jurisdiction. IAF, Tab 5 at 7-8. An agency has an obligation to come forward with relevant evidence in its possession and may not conceal evidence that would change the result in a case. *Hamilton v. Merit Systems Protection Board*, 75 F.3d 639, 648 (Fed. Cir. 1996). The United States Court of Appeals for the Federal Circuit and the Board have uniformly condemned such agency inaction as gamesmanship. *Id.*; *Williams v. Equal Employment Opportunity Commission*, 75 M.S.P.R. 144, 149 (1997).

[6] Assuming 5 days for mailing, the appellant received the agency's response on or about September 16, 2018—only 2 days before the administrative judge issued the initial decision. *See* 5 C.F.R. § 1201.4(*l*).

(2008) (considering new evidence on review because the appellant was not informed of the evidentiary conflict until she received the agency's submission on the date the record closed); 5 C.F.R. § 1201.59(c) (providing that additional evidence may be considered after the close of the record if it is in rebuttal to new evidence or argument submitted by the other party just before the record closed). Accordingly, we will consider the OWCP letter for the first time on review.

¶9		The March 21, 2018 OWCP letter reflects that OWCP determined that the agency's January 29, 2018 limited-duty job offer exceeded the appellant's medical restrictions and that it was not an appropriate offer of restoration. PFR File, Tab 1 at 9. Although the agency questions on review whether the OWCP claims examiner sufficiently reviewed the limited-duty job offer, PFR File, Tab 3 at 5-6, the Board is bound by OWCP's suitability determination. *Paszko v. U.S. Postal Service*, 119 M.S.P.R. 207, ¶ 9 (2013); *see New v. Department of Veterans Affairs*, 142 F.3d 1259, 1264 (Fed. Cir. 1998) (holding that decisions on the suitability of an offered position are within the exclusive domain of OWCP and that it is that agency, not the employing agency or the Board, with the requisite expertise to evaluate whether a position is suitable in light of that employee's particular medical condition). Accordingly, we find that the January 29, 2018 limited-duty job offer was outside of the appellant's medical restrictions and was tantamount to a denial of restoration. *See Paszko*, 119 M.S.P.R. 207, ¶ 9. The appellant has thus nonfrivolously alleged that the agency denied her request for restoration.

¶10		Although we find that the appellant has satisfied the first, second, and third jurisdictional requirements in this partial restoration appeal, we are unable to make a determination about the fourth jurisdictional element at this time. After the initial decision in this appeal was issued, the Board issued *Cronin*, 2022 MSPB 13, which clarified when a denial of restoration may be arbitrary and

capricious.[7]  In *Cronin*, the Board explained that, in considering the fourth jurisdictional element, the issue before the Board is limited to whether the agency failed to comply with the minimum requirement of 5 C.F.R. § 353.301(d), i.e., to search within the local commuting area for vacant *positions* to which it can restore a partially recovered employee and to consider her for any such vacancies. *Cronin*, 2022 MSPB 13, ¶ 20.  The Board in *Cronin* further held that, contrary to its prior suggestion in *Latham v. U.S. Postal Service*, 117 M.S.P.R. 400, ¶¶ 12-16 (2012), *overruled by Cronin*, 2022 MSPB 13, ¶¶ 20-21, claims of prohibited discrimination or reprisal cannot serve as an "alternative means" of showing that a denial of restoration was arbitrary and capricious.  *Cronin*, 2022 MSPB 13, ¶ 21.

¶11      Because the existing record is devoid of evidence or argument regarding whether the agency's denial of restoration was arbitrary and capricious, we remand the matter to the regional office to provide the parties notice and an opportunity to further develop the record.  If the appellant makes a nonfrivolous allegation regarding the fourth jurisdictional element, she is entitled to the hearing she requested on the merits of her claim.

---

[7] Because the Board issued *Cronin* while this appeal was pending, it is given retroactive effect and applies to this appeal.  *See Desjardin v. U.S. Postal Service*, 2023 MSPB 6, ¶ 18 n.8.

## ORDER

¶12      For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.[8]


FOR THE BOARD:                       _____
                                     Gina K. Grippando
                                     Clerk of the Board
Washington, D.C.

_____

[8] In the remand initial decision, the administrative judge may reincorporate prior findings as appropriate, consistent with this Remand Order.